IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN C. OLIVER** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **ARAMARK FOOD INC., ARAMARK** | : | |
| **SUPERVISOR TASSONE, PRIME CARE** | : | |
| **MEDICAL, INC., SUSIE, Prime Care** | : | |
| **Medical Supervisor, CAPTAIN CASTRO,** | : | |
| **J. MARTIN, "JS", JANE/JOHN** | : | |
| **DOE and CDW S. SMITH** | : | NO. 22-467 |

## ORDER

**NOW,** this 30th day of August, 2023, upon consideration of Plaintiff Brian C. Oliver's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) and the Complaint (Doc. No. 2), it is **ORDERED** that:

1. The Motion to Proceed *In Forma Pauperis* is **GRANTED**.

2. Pursuant to 28 U.S.C. § 1915(b), plaintiff, **Brian C. Oliver**, shall pay the filing fee of $350 regardless of the outcome of this case.

3. The Warden of SCI Phoenix or other appropriate official is directed to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Oliver's inmate account; or (b) the average monthly balance in Oliver's inmate account for the six-month period immediately preceding the filing of this case and forward the initial payment assessed, with a reference to the docket number of this case, to the Clerk of Court at the following address:

> Clerk of the United States District Court
> for the Easter District of Pennsylvania
> Room 2609
> 601 Market Street
> Philadelphia, Pennsylvania 19106

4. In each succeeding month when the amount in Oliver's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Oliver's inmate account until the fees are paid. Each payment shall refer to the docket number for this case

5. The Complaint is **DEEMED** filed.

6. The Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. Oliver may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint shall: (a) identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint; (b) shall state the basis for Oliver's claims against each defendant; and (c) specifically name the person or persons who Oliver claims violated his rights. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. He should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Memorandum.

8. The Clerk of Court is **DIRECTED** to send Oliver a blank copy of this Court's form complaint to be used by a prisoner filing a civil rights action bearing the above civil action number.

9. Oliver shall use this standard form to file his amended complaint.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

10. If Oliver files of an amended complaint, the Clerk shall not make service until **ORDERED**.

11. If Oliver does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (citations omitted).

12. If Oliver fails to file a response to this Order, the Court will conclude that Oliver intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

_____
TIMOTHY J. SAVAGE, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors).